IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKESHA L. NORINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-1136 |
| ) | Judge Nora Barry Fischer/ |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| WEXFORD HEALTH SOUCES INC., et al, ) | |
| ) | Re: ECF No. 1 |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 1, be denied.

**II. REPORT**

Lakesha L. Norington,[1] ("Plaintiff") is a prisoner, currently incarcerated in the State of Indiana and the proposed Complaint alleges the violation of rights occurring at the prison in

---

[1] The Honorable Robert L. Miller, Jr., of the United States District Court for the Northern District of Indiana explained that:

> … Lakesha Norington, a/k/a Shawntrell Marcel Norington, [was] a pro se prisoner. Ms. Norington is a transsexual.[1] She is biologically male, but psychologically she identifies as female. As such, she refers to herself using female pronouns and has adopted a female name: Lakesha. Ms. Norington was convicted under the name Shawntrell Marcel Norington and is housed in a men's prison because she is anatomically male.
>
> ---
> [1] "[H]aving physical characteristics of one sex and psychological characteristics of the other." OXFORD ENGLISH DICTIONARY (online version March 2011).

ECF No. 1-7 at 2.

Indiana, where Plaintiff is housed. The only apparent connection to the Western District of Pennsylvania is that Plaintiff names Wexford Health Services, which apparently has its office located within the District.[2] Although not explicitly alleged in the proposed Complaint, it appears that Wexford Health Services may be the contracted health care provider at the prison where Plaintiff is currently incarcerated.

Plaintiff has previously filed numerous lawsuits and has attempted to evade the three strikes bar by failing to disclose that she is three struck, and so the United States District Court in the Northern District of Indiana imposed the following:

> By seeking leave to proceed in forma pauperis and failing to disclose that she is threestruck, Norington has attempted to commit a fraud on the court. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). "An effort to bamboozle the court . . . after a federal judge has held that § 1915(g) applies to a particular litigant will lead to . . . an order forbidding further litigation." *Id*. In accordance with *Sloan*, this case will be dismissed, the filing fee assessed, and Norington restricted until she has paid in full all outstanding filing fees owed. A review of this court's records indicates that Norington owes approximately $4,000 in outstanding filing fees.

Norington v. State of Indiana, 3:14-cv-661 (N.D. Ind. April 10, 2014) ECF No. 3 at 3.

As a consequence of Plaintiff's litigious history, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ. A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

---

[2] Plaintiff names "Wexford Health Sources, Inc." as one of the Defendants. Plaintiff appears to be referring to Wexford Health Services.

2

This Court takes judicial notice of court records and dockets of the federal courts located in the state of Indiana as well as those of the United States Court of Appeals for the Seventh Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of just these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[3] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In the instant case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[4] Plaintiff's three strikes are as follows: 1) Norington v. Indiana, No. 93:13-cv-184 (N.D. Ind. April 1, 2013) ECF 5 (dismissing case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); 2) Norington v. Indiana, No. 3:12-cv-846 (N.D. Ind. May 13, 2013) ECF No. 21 (dismissing case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); and 3) Norington v. Daniels, No. 3:11-cv-00125 (N.D. Ind. June 6, 2011) ECF No. 16 (dismissing case pursuant to 28 U.S.C. § 1915A for failure to state a claim). See also Norington v. Indiana, No. 13-2303 (7th Cir. July 16, 2013) Doc. 8 (order adding Norington to the Court's three strike list and relying upon the three foregoing strikes);

---

[3] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[4] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Norington v. USA, No. 17-1386 (Fed. Cir. Feb. 16, 2017) Doc. 11 (Order denying Norington IFP status on appeal due to her having three strikes).  Accordingly, because Plaintiff has at least three strikes, leave to proceed IFP must be denied.  In addition, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Specifically, Plaintiff fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent.  We note that Plaintiff primarily complains of her placement in the restricted housing unit (RHU") which occurred on January 22, 2018, ECF No. 1-2 at 14, and that thereafter from that date until, March 12, 2018 (which is the latest date in the proposed Complaint that Plaintiff mentions, id. at 21), Plaintiff was harassed by the RHU guards who referred to Plaintiff with male pronouns and who required that Plaintiff be strip searched whenever she left her cell (which is apparently standard operating procedure in the RHU), refusing Plaintiff's requests that she only be strip searched by female guards.  The most that she alleges is perhaps psychological stress as a consequence of the harassment and the failure of medical staff to address her stress. Id. at 21 ("I received the reply to [my request for treatment] on February 14, 2018, at 6:06pm telling me 'concerns regarding discrimination and harassment need to be addressed through appropriate custody and PREA channels.  Report will be made' The reply disregarded my need for help with my emotion and mental health as a result of the reported misconducts[,]" i.e., the harassment at the hands of the guards).  Such allegations of mental health problems are insufficient as a matter of law under the three strikes statute to qualify for the exception under imminent danger of serious physical injury.  Sanders v. Melvin, 873 F.3d 957, 959–60 (7th Cir. 2017) ("Mental deterioration, however, is a psychological rather than a physical problem. Physical problems can cause psychological ones, and the reverse, but

4

the statute supposes that it is possible to distinguish them. A claim of long-term psychological deterioration is on the psychological side of the line. Prisoners facing long-term psychological problems can save up during that long term and pay the filing fee."); Cardona v. Bledsoe, 3:CV-11-0054, 2011 WL 1832777, at *5 (M.D. Pa. May 12, 2011) ("Cardona claims in the Supplement to his Complaint that he is in imminent danger of 'psychological injury' because he finds the mental health consultations in the SMU to be inadequate. (See Doc. 10.) However, there is no exception to the Three Strikes Rule based upon a showing of an imminent danger of a serious psychological injury; rather, to fall within the exception to the Three Strikes Rule, Cardona must show an imminent danger of serious physical injury. Cardona fails to demonstrate how the allegedly inadequate mental health care he is receiving at USP Lewisburg in the form of 'cell front consultations' places him in imminent danger of serious physical injury.").  Hence, the proposed Complaint is devoid of any allegations that would permit Plaintiff to proceed IFP.

Because Plaintiff herein has failed to allege anything that would merit the grant of an exception to the three strikes rule, the IFP motion should be denied.  If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

### III.  CONCLUSION

Based on the findings set forth herein, it is recommended that the instant IFP Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: September 6, 2018          Respectfully submitted,

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Nora Barry Fischer
      United States District Judge


      LAKESHA L. NORINGTON
      a/k/a Shawntrell Norington
      Inmate Number 138726
      Wabash Valley Correctional Facility
      PO Box 500
      Carlisle, IN 47838